UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

FILED
FEB 19 2009
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

| | |
|---|---|
| WILLIAMS-SONOMA, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KENNETH N. ELLIOTT, an individual; )<br>and F.K. ELLIOTT ENTERPRISES, INC., )<br>a Virginia company, )<br>)<br>)<br>Defendant. ) | Civil Action No. C-08-0371 RS<br><br>Magistrate Judge Seeborg |

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Kenneth N. Elliott ("Elliott" or "Defendant") answers the allegations contained in the Complaint in Case No. C-08-0371 (the "Complaint") of Williams-Sonoma, Inc. ("Plaintiff" or "Williams-Sonoma, Inc.") as follows:

### FIRST DEFENSE

Process and service of process upon Defendant was insufficient and/or improper and Plaintiff's claims should thus be dismissed.

### SECOND DEFENSE

Some or all of the claims asserted in Plaintiff's Complaint fail to state a claim upon which relief may be granted.

### THIRD DEFENSE

Some or all of the claims asserted in Plaintiff's Complaint are barred by the applicable statutes of limitations.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| WILLIAMS-SONOMA, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KENNETH N. ELLIOTT, an individual; )<br>and F.K. ELLIOTT ENTERPRISES, INC., )<br>a Virginia company, )<br>)<br>)<br>Defendant. ) | Civil Action No. C-08-0371 RS |

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Kenneth N. Elliott ("Elliott" or "Defendant") answers the allegations contained in the Complaint in Case No. C-08-0371 (the "Complaint") of Williams-Sonoma, Inc. ("Plaintiff" or "Williams-Sonoma, Inc.") as follows:

### FIRST DEFENSE

Process and service of process upon Defendant was insufficient and/or improper and Plaintiff's claims should thus be dismissed.

### SECOND DEFENSE

Some or all of the claims asserted in Plaintiff's Complaint fail to state a claim upon which relief may be granted.

### THIRD DEFENSE

Some or all of the claims asserted in Plaintiff's Complaint are barred by the applicable statutes of limitations.

## TWELTH DEFENSE

Some or all of Plaintiff's damages demands should be stricken because such damages are speculative and/or have not been pled with sufficient particularity

## RESPONSES TO THE NUMBERED PARAGRAPHS OF PLAINTIFF'S COMPLAINT

Responding to the specific numbered paragraphs in Plaintiff's Complaint, and using the same paragraph numbers therein, Defendant answers as follows:

1. Defendant denies the allegations set forth in Paragraph 1 of Plaintiff's Complaint.

2. Defendant is without sufficient information to admit or deny allegations set forth in Paragraph 2 therefore defendant denies the same.

3. Defendant admits to being Kenneth N Elliott and owning a company called F.K. Elliott Enterprises, Inc., which is a Virginia corporation with its principal place of business at 1714 Winesap Dr. in Richmond, Virginia, 23231. Except as expressly admitted herein, Defendant denies the allegations set forth in Paragraph 3 of Plaintiff's Amended Complaint.

4. The law speaks for itself; otherwise Defendant denies the allegations set forth in Paragraph 4 of Plaintiff's Amended Complaint.

5. The law speaks for itself under 28 U.S.C. § 1391(b); otherwise Defendant denies the allegations set forth in Paragraph 4 of Plaintiff's Amended Complaint.

6. Defendant is without sufficient information to admit or deny allegations set forth in paragraph 6 therefore denies the same.

7. Defendant is without sufficient information to admit or deny allegations set forth in paragraph 7 therefore denies the same.

8. Defendant is without sufficient information to admit or deny allegations set forth in paragraph 8 therefore denies the same.

9. Defendant is without sufficient information to admit or deny allegations set forth in paragraph 9 therefore denies the same.

10. Defendant is without sufficient information to admit or deny allegations set forth in paragraph 10 therefore denies the same.

11. Defendant is without sufficient information to admit or deny allegations set forth in paragraph 11 therefore denies the same.

12. Defendant F.K. Elliott Enterprises Inc admits to having websites using the words pottery & barn. Except as expressly admitted herein, Defendant denies the allegations set forth in Paragraph 12 of Plaintiff's Complaint.

13. Defendant F.K. Elliott Enterprises Inc admits to registering the domain names <www.pottery-barn-outlet.com> and <www.pottery-outlet.com>. Except as expressly admitted herein, Defendant denies the allegations set forth in Paragraph 13 of Plaintiff's Complaint.

14. Defendant F.K. Elliott Enterprises Inc admits to using terms pottery, barn, outlet, kids, rugs and outlet. Except as expressly admitted herein, Defendant denies the allegations set forth in Paragraph 14 of Plaintiff's Complaint.

15. Defendant F.K. Elliott Enterprises Inc admits to decommissioning www.pottery-barn-outlet.com and admits to receiving a letter from plaintiff. Defendant F.K. Elliott Enterprises Inc admits to registering the domain name www.isaved-home-decor.com. Except as expressly admitted herein, Defendant denies the allegations set forth in Paragraph 15 of Plaintiff's Complaint.

16. Defendant F.K. Elliott Enterprises Inc admits to registering the domain name www.isaved-home-decor.com. Except as expressly admitted herein, Defendant denies the allegations set forth in Paragraph 16 of Plaintiff's Complaint.

17. Defendant Kenneth Elliott as an employee of F.K. Elliott Enterprises Inc admits to receiving a letter from plaintiff. Except as expressly admitted herein, Defendant denies the allegations set forth in Paragraph 17 of Plaintiff's Complaint

18. Defendant Kenneth Elliott as an employee of F.K. Elliott Enterprises Inc admits talking about pottery barn in a blog. Except as expressly admitted herein, Defendant denies the allegations set forth in Paragraph 18 of Plaintiff's Complaint.

19. Defendant F.K. Elliott Enterprises Inc admits to making changes to its website by removing the address extension "pottery-barn-outlet.php" and deleting the word barn. Except as expressly admitted herein, Defendant denies the allegations set forth in Paragraph 19 of Plaintiff's Complaint.

20. Defendant F.K. Elliott Enterprises Inc admits to the use of the words pottery and barn. Except as expressly admitted herein, Defendant denies the allegations set forth in Paragraph 20 of Plaintiff's Complaint.

21. Defendant Kenneth Elliott as an employee of F.K. Elliott Enterprises Inc admits to using pottery and barn at www.squidoo.com/pottery-barn-outlet. Except as expressly admitted herein, Defendant denies the allegations set forth in Paragraph 21 of Plaintiff's Complaint.

22. Defendant Kenneth Elliott as an employee of F.K. Elliott Enterprises Inc admits to the use of the words pottery and barn in articles written by defendant. Except as expressly admitted herein, Defendant denies the allegations set forth in Paragraph 22 of Plaintiff's Complaint.

23. Defendant F.K. Elliott Enterprises Inc admits to the use of the word pottery on www.isaved-home-decore.com  Except as expressly admitted herein, Defendant denies the allegations set forth in Paragraph 23 of Plaintiff's Complaint.

24. Defendant denies the allegations set forth in Paragraph 24 of Plaintiff's Complaint.

25. Defendant denies the allegations set forth in Paragraph 25 of Plaintiff's Complaint.

26. Defendant is without sufficient information to admit or deny allegations set forth in Paragraph 26 therefore defendant denies the same.

27. Defendant F.K. Elliott Enterprises Inc admits the use of Bed, Bath and Beyond on www.isaved-home-decor.com.  Except as expressly admitted herein, Defendant denies the allegations set forth in Paragraph 27 of Plaintiff's Complaint.

28. Defendant admits that F.K. Elliott Enterprises Inc is the owner of http://www.coach-outlet-store.com and www.sun-glass-hunt.com. Except as expressly admitted herein, Defendant denies the allegations set forth in Paragraph 28 of Plaintiff's Complaint.

29. Defendant Kenneth Elliott as an employee of F.K. Elliott Enterprises Inc admits to writing articles about google adsense. Except as expressly admitted herein, Defendant denies the allegations set forth in Paragraph 29 of Plaintiff's Complaint.

30. Defendant is without sufficient information to admit or deny allegations set forth in Paragraph 30 therefore defendant denies the same.

31. Defendant is without sufficient information to admit or deny allegations set forth in Paragraph 31 therefore defendant denies the same.

32. Defendant denies the allegations set forth in Paragraph 32 of Plaintiff's Complaint.

33. Defendant denies the allegations set forth in Paragraph 33 of Plaintiff's Complaint.

34. Defendant denies the allegations set forth in Paragraph 34 of Plaintiff's Complaint.

35. Defendant denies the allegations set forth in Paragraph 35 of Plaintiff's Complaint.

36. Defendant denies the allegations set forth in Paragraph 36 of Plaintiff's Complaint.

37. Defendant denies the allegations set forth in Paragraph 37 of Plaintiff's Complaint.

38. Defendant denies the allegations set forth in Paragraph 38 of Plaintiff's Complaint.

39. Defendant denies the allegations set forth in Paragraph 39 of Plaintiff's Complaint.

40. Defendant denies the allegations set forth in Paragraph 40 of Plaintiff's Complaint.

41. Defendant denies the allegations set forth in Paragraph 41 of Plaintiff's Complaint.

42. Defendant denies the allegations set forth in Paragraph 42 of Plaintiff's Complaint.

43. Defendant denies the allegations set forth in Paragraph 43 of Plaintiff's Complaint.

44. Defendant denies the allegations set forth in Paragraph 44 of Plaintiff's Complaint.

45. Defendant denies the allegations set forth in Paragraph 45 of Plaintiff's Complaint.

46. Defendant denies the allegations set forth in Paragraph 46 of Plaintiff's Complaint.

47. Defendant denies the allegations set forth in Paragraph 47 of Plaintiff's Complaint.

48. Defendant denies the allegations set forth in Paragraph 48 of Plaintiff's Complaint.

49. Defendant denies the allegations set forth in Paragraph 49 of Plaintiff's Complaint.

50. Defendant denies the allegations set forth in Paragraph 50 of Plaintiff's Complaint.

51. Defendant denies the allegations set forth in Paragraph 51 of Plaintiff's Complaint.

52. Defendant denies the allegations set forth in Paragraph 52 of Plaintiff's Complaint.

53. Defendant denies the allegations set forth in Paragraph 53 of Plaintiff's Complaint.

54. Defendant denies the allegations set forth in Paragraph 54 of Plaintiff's Complaint.

55. Defendant denies the allegations set forth in Paragraph 55 of Plaintiff's Complaint.

56. Defendant denies the allegations set forth in Paragraph 56 of Plaintiff's Complaint.

57. Defendant denies the allegations set forth in Paragraph 57 of Plaintiff's Complaint.

58. Defendant denies the allegations set forth in Paragraph 58 of Plaintiff's Complaint.

59. Defendant denies the allegations set forth in Paragraph 50 of Plaintiff's Complaint.

60. Defendant denies the allegations set forth in Paragraph 60 of Plaintiff's Complaint.

61. Defendant denies the allegations set forth in Paragraph 61 of Plaintiff's Complaint.

62. Defendant denies the allegations set forth in Paragraph 62 of Plaintiff's Complaint.

63. Defendant denies the allegations set forth in Paragraph 63 of Plaintiff's Complaint.

64. Defendant denies the allegations set forth in Paragraph 64 of Plaintiff's Complaint.

65. Defendant denies the allegations set forth in Paragraph 65 of Plaintiff's Complaint.

66. Defendant denies the allegations set forth in Paragraph 66 of Plaintiff's Complaint.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, having fully answered and responded to the allegations of Plaintiff's amended Complaint, Defendant respectfully requests that:

(1)   Plaintiff's claims be dismissed with prejudice in their entirety;

(2) Each and every prayer for relief contained in the Amended Complaint be denied;

(3) Judgment be entered in favor of Defendant;

(4) All costs, including reasonable attorneys' fees, be awarded to Defendant and against Plaintiff pursuant to applicable laws; and

(5) Defendant has such other relief as this Court may deem just and proper.

Respectfully submitted, this 18th day of February, 2008,

By: _____

Kenneth Elliott

1714 Winesap Dr.

Richmond VA 23231

Telephone: 804-226-0878

*Pro Se*

## CERTIFICATE OF SERVICE

I Kenneth Elliott hereby certify that on this 18th day of February, 2008, I mailed a copy of the foregoing Defendant's Answer to the Plaintiff's Complaint U.S. mail service to Townsend and Townsend and Crew LLP, Veronica Besmer (CA State Bar No. 246560) Two Embarcadero Center, 8th Floor, San Francisco, CA 94111.:

_____

Kenneth Elliott