TOWNSEND AND TOWNSEND AND CREW LLP
GREGORY S. GILCHRIST (CA State Bar # 111536); gsgilchrist@townsend.com
VERONICA BESMER (CA State Bar # 246560); vbesmer@townsend.com
Two Embarcadero Center, 8th Floor
San Francisco, California 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300

Attorneys for Plaintiff
WILLIAMS-SONOMA, INC.

FILED
FEB 28 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WILLIAMS-SONOMA, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH N. ELLIOTT, an individual; and F. K. ELLIOTT ENTERPRISES, INC., a Virginia company,<br><br>Defendants. | Case No. C-08-00371 RS<br><br>**FINAL JUDGMENT UPON CONSENT AND PERMANENT INJUNCTION** |

Plaintiff Williams-Sonoma, Inc. ("WSI") has filed a Complaint alleging trademark infringement, dilution, unfair competition, cybersquatting, copyright infringement, and related claims under California state law against defendants Kenneth N. Elliott and F. K. Elliott Enterprises, Inc. (collectively, "Defendant"). WSI alleges that Defendant has falsely claimed to own "outlets" that are branded with WSI's trademarks and used domain names that are derivatives of the Pottery Barn® trademarks in ways that infringe and dilute WSI's intellectual property rights. The Court now enters final judgment based upon the following stipulated facts.

/ / /

/ / /

/ / /

## I. STIPULATED FACTS AND CONCLUSIONS

A. This Court has subject matter jurisdiction over this lawsuit and personal jurisdiction over Defendant. Venue is proper in this Court.

B. WSI owns federal trademark registrations for POTTERY BARN (Registration No. 2021077; first used April of 1956; registered on December 3, 1996), as well as for POTTERY BARN KIDS, POTTERY BARN BABY, and PB TEEN, among others, for use on a variety of furniture and home furnishings. These registrations, and all other WSI registrations, applications, and common law marks incorporating the Pottery Barn® name -- including "PB" which is a common consumer reference to WSI's Pottery Barn® name -- will be referred to collectively hereafter as "Pottery Barn Marks." In addition, WSI owns federal trademark registrations for WILLIAMS-SONOMA, HOLD EVERYTHING, and WEST ELM, among others, for use on a variety of furniture and home furnishings. All these marks will be referred to collectively hereafter as "WSI Marks." WSI also owns valid copyright registrations for its Pottery Barn® and Williams-Sonoma® catalogs.

C. Defendant has engaged in a systematic pattern of exploiting the Pottery Barn Marks on his website and in blog entries with the effect of infringing on WSI's trademarks, diverting customer traffic away from WSI, and diluting the distinctive quality of WSI's Pottery Barn Marks.

## II. ORDER AND INJUNCTION

It is hereby ordered and adjudged as follows:

1. Defendant shall pay the sum of $20,000 to WSI as follows: (i) $5,000 shall be due within ten (10) days of entry of this Judgment; (ii) another $5,000 shall be due by May 1, 2008; (iii) another $5,000 shall be due by July 1, 2008; and (iv) the remaining $5,000 shall be due by September 1, 2008. All payments shall be made via wire transfer or bank check only (no personal checks).

2. Defendant shall transfer to WSI the domain names <www.pottery-barn-outlet.com>, <www.pottery-outlet.com>, and any other domain name owned by Defendant that incorporates the term "Pottery" and has been, or is, used in connection with the advertising or sale of furniture or any goods branded with a the Pottery Barn Marks or WSI Marks. Defendant shall identify all such domain names, and provide to WSI the authorization codes and/or other requisite formalities for the transfers, within 10 (ten) days of entry of this Judgment.

3. Commencing as of the "So Ordered" date of this Final Judgment and Permanent Injunction, Defendant, his principals, agents, employees, officers, directors, servants, successors, and assigns, and all persons acting in concert or participating with him or under his control who receive actual notice of this Order, are hereby permanently enjoined and restrained, directly or indirectly, from doing, authorizing or procuring any persons to do any of the following:

   a. making references suggesting in any way that Defendant is the owner of a store or outlet branded with the Pottery Barn Marks or the WSI Marks.

   b. making any use of the Pottery Barn Marks or WSI Marks, or derivatives thereof, in domain names, URLs, hyperlinks, hard links or embedded links, meta data, style indexing, or any other practice that is calculated to promote or optimize search engine results of Defendant's websites, portals, online stores, products, or services.

   c. making any use of the Pottery Barn Marks or WSI Marks, or derivatives thereof, used in blog entries, online articles, shopping platforms, reciprocal links from other websites, website titles, online advertising, or any other medium that is calculated to advertise or promote Defendant's websites, portals, online stores, products, or services.

   d. making any use of the Pottery Barn Marks or WSI Marks, or derivatives thereof, in domain names, URLs, hyperlinks, hard links or embedded links, meta data, style indexing, or any other practice that is calculated to optimize search engine results, increase rankings, or direct Internet traffic to websites that sell any goods branded with the Pottery Barn Marks or WSI Marks.

   e. distributing or displaying any photographs or other reproductions of products sold under the Pottery Barn Marks or WSI Marks.

   f. any practice, whether explicitly forbidden by this agreement or not, that is likely to cause consumer confusion or misapprehension about any relationship, affiliation, sponsorship or other connection between Defendant and the Pottery Barn Marks or WSI Marks.

4. Each party has waived the right to appeal from this final judgment and each party will bear its own fees and costs in connection with this action.

5. This Court shall retain jurisdiction for the purpose of making any further orders necessary or proper for the construction or modification of this Judgment, the enforcement thereof,

1  and/or the punishment for any violations thereof.

2      6.    In the event that Defendant violates the terms of this Judgment, Defendant shall pay to WSI for WSI's reasonable attorney's fees and costs of this action solely to the extent such fees and costs relate to claims made against Defendant, as well as for any enforcement or contempt proceedings against Defendant. For any future proceeding to enforce the terms of this Judgment, service by mail upon a party or their counsel of record at their last known address shall be deemed adequate notice for each party.

IT IS SO ORDERED AND ADJUDGED.

DATED: 2/28/08

_____
Hon. Richard Seeborg
United States Magistrate Judge